UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAPHAEL ZACKERY,

v.  Case No. 8:98-cr-345-T-17TBM
8:11-cv-237-T-17TBM

UNITED STATES OF AMERICA

_____

### O R D E R

This cause is before the Court on Raphael Zackery's untimely 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence. (Doc. CV-1; CR-69). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

### BACKGROUND

On November 16, 1999, a federal grand jury in the Middle District of Florida returned an eight count Superseding Indictment against Zackery. CR-2. On August 24, 2000, Zackery entered a guilty plea, pursuant to a written plea agreement, to two counts of bank robbery (Counts Three and Seven of the Indictment); one count of car jacking (Count Five); and one count of use of a firearm in relation to a crime of violence (Count Eight), in violation of 18 U.S.C. §§ 2113(a) and (d), 18 U.S.C. § 2119, and 18 U.S.C. § 924(c). CR-2 (Indictment); CR-25 (Plea Agreement); Plea Trans. (Government's Exh. A to Doc. 14, filed at Doc. 17[1]).

In the plea agreement, Zackery expressly waived the right to appeal or collaterally attack his sentence as follows:

---

[1] All of the Government's Exhibits to Doc. 14 were filed separately at Doc. 17. A copy of the exhibits was served on Defendant Zackery.

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and **expressly waives the right to appeal defendant's sentence, directly or collaterally**, *on any ground* except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

D-13 at 11 (emphasis added). During the change of plea hearing, the Court reviewed with Zackery his waiver of his right to appeal and confirmed that Zackery understood the consequences of that waiver. (See Government's Exh. A to Doc. 14, at 20, line 8 - 21, line 16.) On September 19, 2000, this Court accepted Zackery's guilty plea and adjudicated him guilty. CR-34.

A Presentence Investigation Report ("PSR"), dated December 28, 2000, was prepared. Zackery was found to be a career offender under Section 4B1.1 of the U.S. Sentencing Guidelines due to having at least two prior State of Florida felony convictions for crimes of violence. PSR ¶ 61. Those prior convictions, as detailed in the PSR, were:

> a) Battery on a law enforcement officer and resisting an officer with violence, in violation of Florida Statutes, Sections 784.03, 784.07, and 843.01, in Case Number 92-12162CFANO before the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County Florida, on November 9, 1992; and

> b) Battery on a law enforcement officer, in violation of Florida Statutes, Sections 784.03 and 784.07, in Case Number 95-9967CFANO before the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County florida, on December 12, 1995.

PSR ¶¶ 78, 79.

The undisputed facts in the PSR indicate that these offenses were violent. Specifically, in the first offense "Zackery punched the officer in the face," and in the second offense "he punched the officer on his left shoulder." Id. At the sentencing hearing, Zackery acknowledged the factual accuracy of the PSR and voiced no objections to the accuracy of the facts of his criminal history.[2] (See Sentencing Transcript at 4 [attached as Government's Exh. B to Doc. 14]). Moreover, counsel for Zackery's characterization of the offenses at the hearing confirms that Zackery had two prior violent felonies. With respect to the first conviction, counsel for Zackery stated that "the police officer grabbed [Zackery], at which point he hit him and hit him in the face." Id. at 20. Counsel for Zackery stated that the second conviction occurred after "the police officer was struck in the torso" and "minimal force was used." Id. at 21.

This Court adopted the facts and guideline calculations in the PSR, and sentenced Zackery to 248 months of imprisonment, followed by five years of supervised release. Id. at 15; CR-45 (Judgment).

Zackery did not appeal his conviction and sentence. On February 4, 2011, Zackery filed the instant § 2255 motion. CV-1. In his petition, Zackery contends he is "actually innocent" of being a career offender since his underlying convictions for battery on a law enforcement officer are not crimes of violence, as defined in USSG § 4B1.2. On June 24, 2011 and July 6, 2011, Zackery filed supplements to his Section 2255 motion. See CV-11 and CV-13.

---

[2] Zackery made two objections to the PSR, which the Court overruled: 1) the two robberies should be grouped; and 2) defendant's enhancement as a "career offender" runs afoul of the Supreme Court's decision in Apprendi v. New Jersey. Neither are relevant to Zackery's argument in his petition.

## DISCUSSION

**A. Zackery's Claim is Not Cognizable**

Zackery has not asserted a cognizable claim for relief under Section 2255. Collateral review pursuant to section 2255 is not a substitute for direct appeal. *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). Nonconstitutional claims can be raised on collateral review only if the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The Eleventh Circuit's decision in *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998), makes clear that an error in the application of the sentencing guidelines is not cognizable on section 2255 review. The Court explained that "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Id.* at 1332.

Zackery's claim involves an alleged misapplication of the career-offender guideline. But it is undisputed that Zackery's sentence is within the statutory maximum authorized by Congress for the crime. Under today's advisory guidelines, the sentencing court could reimpose the identical sentence consistent with the factors set forth in 18 U.S.C. § 3553(a). Thus, even if there were error in Zackery's classification as a career offender, which there was not, that error would not result in a miscarriage of justice.

Therefore, Zackery has failed to show the existence of any error resulting in a complete miscarriage of justice and his claim should be dismissed as not cognizable under

section 2255.

**B. In His Plea Agreement, Zackery Waived the Right to Collaterally Attack His Sentence**

In his plea agreement Zackery knowingly and voluntarily waived the right to attack his sentence collaterally. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002). Zackery "expressly waive[d] the right to appeal defendant's sentence, directly or collaterally, on **any ground**." D-13 at 11 (emphasis added). This waiver encompasses Zackery's right to challenge his sentence in a Section 2255 proceeding. *See Williams*, 396 F.3d at 1342.

For this Court to enforce the waiver in a plea agreement, the United States must show that this Court specifically questioned Zackery about the waiver during the plea colloquy or that it is manifestly clear from the record that he understood the full significance of the waiver. Id. at 1342; *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). During Zackery's change of plea hearing, this Court expressly and clearly discussed with Zackery his waiver of his right to appeal, and confirmed that Zackery fully understood the consequences of the waiver. (Government's Exh. A to Doc. 14 at 20, line 8 - 21, line 16. *See United States v. Bascomb,* 451 F.3d 1291, 1296-97 (11th Cir. 2006) (dismissing appeal based on waiver, and stating, "Defendants and the government alike benefit from the ability to bargain and undermining the enforceability of such bargains harms all parties that use them").

**C. Zackery Procedurally Defaulted His Challenge to the Designation of His Prior Offense by Failing to Challenge it on Direct Appeal**

Dismissal is also warranted because Zackery's claims are procedurally defaulted. Zackery failed to raise the claims in a prior proceeding. *Bousley v. United States*, 523 U.S.

614, 622-24 (1998); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). Where as here, a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or that he is actually innocent to excuse the default. *Bousley,* 523 U.S. at 622. Zackery cannot make either of those showings.

To show cause for not raising a claim earlier proceeding, a defendant must show "some external impediment preventing counsel from constructing or raising the claim." *High v. Head*, 209 F.3d 1257, 1262 (11th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). The existence of legal precedent against the claim does not excuse the failure to raise it on direct review. *Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (internal quotation omitted). Zackery's motion does not even suggest any "cause" for failure to raise his claim.

To establish actual innocence, Zackery must prove that given all of the evidence "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Zackery suggests that this exception applies here, but misconstrues the meaning of "actual innocence." Zackery does not claim that he is actually innocent of the charge to which he pled guilty, only that he is "actually innocent" of the career offender status. The recently rendered *en banc* opinion in Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) makes clear that "actual innocence" ***does not*** apply to sentencing enhancements because a "defendant who is convicted and then has the Section 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. The

Court held that the actual innocence exception in Section 2255(h) applies only when "newly discovered evidence . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Id. at 1318. Consequently, Zackery fails to make a threshold showing of actual innocence required for the exception to apply.

In sum, Zackery's claim that his prior convictions do not constitute "crimes of violence" within the meaning of the Sentencing Guidelines was available to him earlier, but he failed to raise it either at sentencing or on direct review. Because Zackery cannot show cause or actual innocence to excuse his default, he has procedurally defaulted the claim.

### D. Zackery's Claim Fails on its Merits

Even if Zackery's claim were cognizable and had not been waived or procedurally defaulted, the petition should still be denied on its merits because Zackery's two prior convictions were "violent felonies" and thus he qualified for the career offender sentencing enhancement. In *United States v. Johnson*, the Supreme Court held that "in the context of the statutory definition of '*violent* felony' the phrase 'physical force' means *violent* force - that is, force capable of causing physical pain or injury to another person." 130 S.Ct. 1265, 1271 (2010) (emphasis in original). Applying *Johnson*, the Eleventh Circuit, in *United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010), held that the offense applicable here - felony battery on a law enforcement officer - is not *categorically* a "crime of violence." Consequently, a court faced with this offense must analyze whether it was committed in a physically violent manner in determining whether it is a "crime of violence." Id. at 1170.

In this case, the **uncontested** facts in the PSR makes clear that Zackery's two convictions for felony battery on a law enforcement were violent felonies, as required to

support the career offender enhancement, because they were committed in a physically violent manner. Those uncontested facts show that both offenses included "violent force," as defined in *Johnson*, 130 S.Ct. At 1271 . Specifically, in both offenses Zackery "punched" the officer in an effort to resist arrest. PSR ¶¶ 78, 79.

At the sentencing hearing, the Court adopted the uncontested facts in the PSR as its findings of facts. (Government's Exh. B, p. 15). This was proper because in determining whether a particular conviction is a "violent felony," a court may base its factual findings on undisputed statements in the PSR. *See United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009); *United States v. Bennett*, 472 F.3d 825, 832-35 (11th Cir. 2006). Zackery's failure to object to facts in the PSR admits those facts for sentencing purposes and waives the right to object to them later. *See Beckles*, 565 F.3d at 844; *Bennett*, 472 F.3d at 832-834; *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). Zackery has admitted that his prior offenses involved violent force and thus qualify as "violent felonies." Accordingly, because Zackery's prior convictions did qualify as "violent felonies," they were properly used to enhance his sentence as a career offender under the Sentencing Guidelines and Zackery is not entitled to relief.

### ZACKERY'S MOTION TO RETROACTIVELY APPLY THE MODIFIED CATEGORICAL APPROACH

The Court agrees that, on the merits, the application of the modified categorical approach outlined in *Shepard v. United States*, 544 U.S. 13 (2005), and its progeny to decide whether Zackery qualified for the career offender sentencing enhancement is appropriate. Under the modified categorical approach, the "Court must determine which statutory phrase" - "intentionally touching" or "intentionally striking" - was the basis for

[Zackery's] conviction[s]" for battery on a law enforcement officer. *Johnson v. United States*, 120 S. Ct. at 1265, 1273 (2010).

In making this determination, the Court must determine whether the underlying offenses were committed in a physically violent manner - that is whether they are "crime[s] of violence." *United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010). The parties disagree with what the modified categorical approach entails and the outcome of that approach. Zackery argues that the Court is confined to the state trial record and from this it must conclude that Zackery's two convictions for battery on a law enforcement officer involved "actually and intentionally touch[ing]" the victim," and therefore are not crimes of violence (CV-15 at 4).

But under the case law, the Court is not so limited in determining whether the offenses were crimes of violence. Contrary to Zackery's assertions (CV-15 at 9-10), under established Eleventh Circuit precedent, the Court can and should consider the undisputed facts in the Presentence Investigation Report in determining whether Zackery's convictions involved crimes of violence. *See United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009); *United States v. Bennett*, 472 F.3d 825, 832-35 (11th Cir. 2006).

As the Court explained in *Beckles*,

> . . . We have permitted district courts to find additional facts when the crime for which the defendant was convicted encompasses both conduct that constitutes a crime of violence and conduct that does not constitute a crime of violence..... For purposes of sentencing, the district court also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented.

*Beckles*, 565 F.3d at 843 (citations and footnotes omitted). Where, as here, "the crime[s] for which the defendant was convicted encompass[ed] conduct that constitutes a crime of

violence and conduct that does not" and Zackery assented to the PSR's determination that his underlying offenses were violent, the Court properly found that he had two convictions for crimes of violence and that he was a career offender. Zackery cannot now challenge that determination. This Court is bound by the factual finding at sentencing - to which the defendant did not object - that Zackery's underlying offenses were crimes of violence.

Under clear Eleventh Circuit case law, the "defendant's failure to object to conclusory statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them without error *even if there is an absence of supporting evidence.*" *Beckles*, 565 F.3d at 844 (emphasis added).

The case for the enhancement here is stronger than in *Beckles* because this Court has both undisputed statements and supporting evidence to establish that Zackery's underlying convictions are for crimes of violence. Because Zackery has admitted that his prior offenses involved violent force and thus qualify as "violent felonies," he was properly sentenced as a career offender.

### TIME-BAR

Finally, the 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence is time-barred. Zackery has not shown that extraordinary circumstances entitle him to equitable tolling.

Accordingly, the Court orders:

1. That Zackery's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence (Docs. CV-1; CR-69) is denied.

2. That Zackery's motion for miscellaneous relief (Doc. 15) is denied.

The Clerk is directed to terminate any pending motions, enter judgment against

Zackery and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 10, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Jennifer Lynn Peresie
Raphael Zackery